# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN (WATERLOO) DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>vs.<br><br>ALEXANDER MARTIN,<br><br>　　Defendant. | No. 17-CR-2045-LRR-4<br><br>**REPORT AND RECOMMENDATION** |

　　On February 20, 2018, the above-named defendant, Alexander Martin, by consent (Doc. 156), appeared before the undersigned United States Magistrate Judge pursuant to Federal Rule of Criminal Procedure 11, and entered a plea of guilty to Count One of the Indictment (Doc. 8). After cautioning and examining defendant under oath concerning each of the subjects mentioned in Rule 11, the Court determined that the guilty plea was knowledgeable and voluntary, and the offense charged was supported by an independent basis in fact containing each of the essential elements of the offense. The Court therefore **RECOMMENDS** that the plea of guilty be accepted and defendant be adjudged guilty.

　　At the commencement of the Rule 11 proceeding, defendant was placed under oath and advised that if defendant answered any questions falsely, defendant could be prosecuted for perjury or for making a false statement. Defendant also was advised that in any such prosecution, the Government could use against defendant any statements made under oath.

　　The Court asked a number of questions to ensure defendant's mental capacity to enter a plea. Defendant stated defendant's full name, age, and extent of schooling. The Court inquired into defendant's history of mental illness and addiction to narcotic drugs. The Court further inquired into whether defendant was under the influence of any drug,

medication, or alcoholic beverage at the time of the plea hearing.  From this inquiry, the Court determined that defendant was not suffering from any mental disability that would impair defendant's ability to make knowing, intelligent, and voluntary pleas of guilty to the charges.

Defendant acknowledged that defendant had received a copy of the Indictment, and had fully discussed these charges with defendant's counsel.

The Court determined that defendant was pleading guilty under a plea agreement with the Government.  After confirming that a copy of the written plea agreement was in front of defendant and defendant's counsel, the Court determined that defendant understood the terms of the plea agreement.  The Court summarized the plea agreement, and made certain defendant understood its terms.

The Court explained to defendant that because the plea agreement provided for dismissal of charges, if defendant pleaded guilty, a presentence report would be prepared and a district judge would consider whether or not to accept the plea agreement.  If the district judge decided to reject the plea agreement, then defendant would have an opportunity to withdraw the plea of guilty and change it to not guilty.

Defendant was advised also that after the plea was accepted, defendant would have no right to withdraw the plea at a later date, even if the sentence imposed was different from what defendant or defendant's counsel anticipated.

The Court summarized the charge against defendant, and listed the elements of the crime.  The Court determined that defendant understood each and every element of the crime, and defendant's counsel confirmed that defendant understood each and every element of the crime charged.

The Court elicited a full and complete factual basis for all elements of the crimes charged in each Count of the Indictment to which defendant was pleading guilty.

The Court advised defendant of the consequences of the plea, including the maximum fine, the maximum term of imprisonment, the mandatory minimum term of imprisonment, and term of supervised release.

With respect to **Count One (1)**, defendant was advised that the maximum fine is **$20,000,000**; the maximum term of imprisonment is **life imprisonment**; the mandatory minimum term of imprisonment is **twenty (20)** years; the maximum period of supervised release is **life**; and the minimum period of supervised release is **ten (10)** years.

Defendant also was advised that the Court is obligated to impose a special assessment of **$100.00** for each count to which defendant pled guilty, which defendant must pay. Defendant also was advised of the collateral consequences of a plea of guilty. Defendant acknowledged that defendant understood all of the above consequences.

The Court explained supervised release to defendant, and advised that a term of supervised release could be imposed in addition to the sentence of imprisonment. Defendant was advised that there are conditions of supervised release, and that if defendant were found to have violated a condition of supervised release, then the term of supervised release could be revoked and defendant could be required to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release. Defendant was advised that parole has been abolished.

The Court also explained to defendant that the district judge would determine the appropriate sentence at the sentencing hearing. Defendant confirmed that defendant understood the Court would not determine the appropriate sentence until after the preparation of a presentence report, which the parties would have the opportunity to challenge. Defendant acknowledged that defendant understood the sentence imposed might be different from what defendant's attorney had estimated. Defendant also was advised that both defendant and the Government would have the right to appeal the sentence.

Defendant indicated that defendant had conferred fully with defendant's counsel and was fully satisfied with defendant's counsel. Defendant's attorney indicated that there was a factual basis for the guilty plea.

Defendant was advised fully of the right to plead not guilty, or having already entered a not guilty plea to persist in such plea, and to have a jury trial, including:

1. The right to assistance of counsel at every stage of the pretrial and trial proceedings;

2. The right to a speedy, public trial;

3. The right to have defendant's case tried by a jury selected from a cross-section of the community;

4. That defendant would be presumed innocent at each stage of the proceedings, and would be found not guilty unless the Government could prove each and every element of the offense beyond a reasonable doubt;

5. That the Government could call witnesses into court, but defendant's attorney would have the right to confront and cross-examine these witnesses;

6. That defendant would have the right to see and hear all witnesses presented at trial;

7. That defendant would have the right to subpoena defense witnesses to testify at the trial, and if defendant could not afford to pay the fees and costs of bringing these witnesses to court, then the Government would be required to pay those fees and costs;

8. That defendant would have the privilege against self-incrimination; i.e., defendant could choose to testify at trial, but need not do so, and if defendant chose not to testify, then the Court would instruct the jury that defendant had a constitutional right not to testify;

9. That any verdict by the jury would have to be unanimous;

10. That defendant would have the right to appeal, and if defendant could not afford an attorney for the appeal, then the Government would pay the costs of an attorney to prepare the appeal.

Defendant also was advised of the rights defendant would waive by entering a plea of guilty. Defendant was told there would be no trial, defendant would waive all the trial rights just described, and defendant would be adjudged guilty without any further proceedings except for sentencing.

Defendant confirmed that the decision to plead guilty was voluntary and was not the result of any promises other than plea agreement promises; and the decision to plead guilty was not the result of any threats, force, or anyone pressuring defendant to plead guilty.

Defendant confirmed that defendant still wished to plead guilty, and defendant pleaded guilty to Count One of the Indictment.

The Court finds the following with respect to defendant's guilty plea:

1. The guilty plea is voluntary, knowing, not the result of force, threats or promises, except plea agreement promises, and defendant is fully competent.

2. Defendant is aware of the maximum punishment.

3. Defendant knows defendant's jury rights.

4. Defendant has voluntarily waived said jury rights.

5. There is a factual basis for the plea.

6. Defendant is, in fact, guilty of the crime to which defendant is pleading guilty.

Defendant was advised that a written presentence investigation report would be prepared to assist the Court in sentencing. Defendant was told that defendant and defendant's counsel would have an opportunity to read the presentence report before the

5

sentencing hearing and to object to the contents of the report, and defendant and defendant's counsel would be afforded the opportunity to present evidence and be heard at the sentencing hearing.

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(1), the Court made a finding that the Government has established the requisite nexus between defendant's offense and the property described in the Indictment's forfeiture allegation.

Defendant was advised that the failure to file written objections to this Report and Recommendation within 14 days of the date of its service would bar defendant from attacking this Court's Report and Recommendation, which recommends that the assigned United States District Judge accept defendant's plea[s] of guilty. Defendant may waive any right to file written objections to this Report and Recommendation by filing a written waiver form. The "Waiver of Objections to Report and Recommendation" form is available on the Court's web page.

*United States v. Cortez-Hernandez*, 673 Fed. App'x 587 (8th Cir. 2016) (per curiam), suggests that a defendant may have the right to *de novo* review of a magistrate judge's recommendation to accept a plea of guilty even if no objection is filed. *But see* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). The district court judge will undertake a *de novo* review of the Report and Recommendation if a written request for such review is filed within fourteen (14) days after this report and recommendation is filed.

**DONE AND ENTERED** at Cedar Rapids, Iowa, this 20th day of February, 2018.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa